UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIA MIDDLETON,

              Plaintiff,

       -against-

JESSICA BAYNER; TERESA LEBRON-
CORREA; DR. DAVID KLAHR,

            Defendants.

24-CV-8215 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff Natalia Middleton filed this action *pro se* and proceeds *in forma pauperis*

("IFP"), that is, without prepayment of fees. Invoking the Court's federal question jurisdiction,

Plaintiff alleges that she was forcibly medicated at Montefiore Hospital. For the reasons set forth

below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead her claims in

an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] On June 5, 2024, Plaintiff's mother,

Monique I. Cruz, tried to prevent Plaintiff from leaving their residence, located at 575 Southern

Boulevard, Apartment 5D, in the Bronx. (ECF 1 at 5.) Plaintiff left "anyway," and Cruz "call[ed]

an EMS" to take Plaintiff to "an Emergency Room for reasons unexplained to [her]." (*Id.*) Once

they arrived at Montefiore Hospital, a male nurse told Plaintiff that she "must sit in a medical

bed," and that she could not "use the restroom unless [she] lay in the medical bed." (*Id.*) Plaintiff

alleges that she was then "forced into a room by a group of men," that her clothing was

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

"removed," and that she was "injected with a sedative." (*Id.*) Plaintiff was involuntarily

committed for 9 days. (*Id.*) She claims that Montefiore Hospital "violated [her] due process

rights by failing to conduct the required confirmation examination in a timely manner," and

"misdiagnos[ing]" her, which led to "improper treatment." (*Id.*) Plaintiff seeks money damages

and an order requiring Montefiore to "implement stricter protocols for the accurate diagnosis and

treatment of psychiatric patients." (*Id.*) Named as Defendants are Jessica Bayner, a psychiatrist;

Teresa Lebron-Correa, a nurse practitioner; and David M. Klahr, a doctor.

Plaintiff has two pending matters in this court asserting similar claims occurring on

different dates. *See Middleton v. Infante*, No. 25-CV-8217 (ER) (S.D.N.Y. June 11, 2025)

(pending motion for judgment on the pleadings filed); *Middleton v. Lantz*, No. 25-CV-8216 (ER)

(S.D.N.Y. Sept. 29, 2025) (pending motion to dismiss filed).

After Plaintiff filed this action, she filed a motion "to compel release of records and to

amend complaint" and a supporting affidavit. (ECF 5, 6.)

## DISCUSSION

### A.    Claims of federal constitutional violations

The Court construes Plaintiff's complaint as asserting claims of federal constitutional

violations under 42 U.S.C. § 1983. Under Section 1983, a plaintiff must allege both that: (1) a

right secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988). A private hospital like Montefiore, and its staff, are not state actors when

they involuntarily commit an individual to a hospital for psychiatric care and when they medicate

that individual. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (concluding

that, under Circuit precedent, "the forcible medication and hospitalization of [the plaintiff] by

private health care providers [could not] be attributed to the state"); *Marte v. Montefiore Med.*

*Ctr.*, No. 22-CV-03491 (CM), 2022 WL 7059182, at *5 (S.D.N.Y. Oct. 12, 2022) (dismissing constitutional claims bought by Montefiore employee on the ground that Montefiore "has been held in many cases to be a private actor, not a state actor").

Because Plaintiff alleges that Defendants are employees of Montefiore Hospital, which is a private party and not a state actor, Plaintiff cannot bring a claim under Section 1983 against them for violating her constitutional rights. *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties") The Court therefore dismisses Plaintiff's claims under Section 1983 against all the Defendants named in her complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    Claims under state law

The Court also construes Plaintiff's complaint as assert claims under state law under the court's supplemental jurisdiction. A district court may decline to exercise supplemental jurisdiction of state law claims, however, when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment in this action dismissing this action for the reasons set forth in this order.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint, as specified above. The Clerk of Court is directed to terminate the motion at ECF 5.

If Plaintiff fails to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the order. The effect of that judgment will be that Plaintiff's claims under federal law will be dismissed for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and that the Court will decline to consider, under its supplemental jurisdiction, Plaintiff's claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:     October 14, 2025
           New York, New York

_____
           Louis L. Stanton
           U.S.D.J.